IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| VICTOR D'ALFONSO, | ) 1:21-CV-00280-RAL )  )  ) |
| Plaintiff | ) RICHARD A. LANZILLO ) UNITED STATES MAGISTRATE JUDGE )  ) |
| vs. | )  ) OPINION ON DEFENDANTS' MOTION TO |
| SRGT REDDINGER, et al., | ) DISMISS )  ) |
| Defendants | ) ECF NO 22 ) |

I.   Introduction

Plaintiff Victor D'Alfonso, an inmate formerly incarcerated[1] at the State Correctional Institution at Forest (SCI-Forest), initiated this *pro se* civil rights action by filing a civil complaint and a motion for leave to proceed in forma pauperis (IFP). ECF Nos. 1, 1-1. After the Court granted D'Alfonso's IFP motion, he filed an amended complaint – the currently operative pleading – on March 29, 2022. ECF No. 21.

In his pleading, D'Alfonso claims that employees at SCI-Forest violated his Eighth Amendment right to be free from cruel and unusual punishment and committed the state law torts of assault and battery. ECF No. 21 at 7. As Defendants, D'Alfonso has identified four corrections officers: Reddinger, Slater, Mahoney, and Manilla. *Id.* at 2-3. Invoking 42 U.S.C. § 1983, D'Alfonso seeks monetary and injunctive relief. *Id.* at 8.

---

[1] Plaintiff has since been transferred to SCI Pine Grove.

1

Presently pending before the Court is Defendants' partial motion to dismiss. *See* ECF No. 29. D'Alfonso having filed a response, ECF No. 26, this matter is ripe for disposition.[2]

II. Factual Background

The following allegations from D'Alfonso's complaint are accepted as true for purposes of this motion. On January 23, 2020, D'Alfonso placed his mattress into the aperture of his cell door to take his cell door "hostage." ECF No. 22 ¶ 10. When Defendants arrived at D'Alfonso's door, Slater stated that "as soon as I get this bed out of the wicket I'm going to fucking spray you pussy." *Id.* ¶ 12. Slater and the other three Defendants then began stabbing the mattress with their keys, ripping it in half. *Id.* ¶ 15. Slater then "wantonly and deliberately sprayed plaintiff in the face and body" with a can of Oleoresin Capsicum (OC) spray. *Id.* ¶ 16.

Following the use of OC spray, Defendants "laughed at the plaintiff" and left him in his cell, telling him to "soak on that for awhile" and that "next time [he] should have [his] celly in check." *Id.* ¶¶ 18-20. A few minutes later, D'Alfonso was placed in restraints and taken to the prison's medical unit for triage. *Id.* ¶¶ 21-22. Slater then removed his gas mask, complained about "that fucking spray," and punched D'Alfonso in the ribs three times. *Id.* ¶ 22. A nurse eventually arrived, but D'Alfonso "refused treatment due to fear of his safety." *Id.* ¶ 24. He was taken for a shower and returned to his cell. *Id.* ¶¶ 25-26.

D'Alfonso maintains that Defendants' actions "in using physical force against Plaintiff without need or provocation, or in failing to intervene to prevent or stop the misuse of force, were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution." *Id.* ¶ 31. D'Alfonso also

---

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

maintains that Defendants committed "the tort of assault and battery under the law of Pennsylvania." *Id.* ¶ 32.

III.     Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal

conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

IV. Analysis

A. Official Capacity Claims

Defendants first contend that D'Alfonso's claims against the Defendants in their official capacities are barred by the immunity afforded to the Commonwealth of Pennsylvania by the Eleventh Amendment. It is axiomatic that "the Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities." *See, e.g., O'Donnell v. Pennsylvania Dept. of Corrections*, 790 F.Supp.2d 289, 305 (M.D. Pa. 2011) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). As a department of the Commonwealth of Pennsylvania, the DOC is immune from suit in federal court unless said immunity has been abrogated by Congress or waived by the state. *MCI Telecomm Corp. v. Bell-Atlantic-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). *See also Lavia v. Pennsylvania, Dept. of Corrections*, 224 F.3d 190, 195 (3d Cir. 2000) (noting that, as an agency of the Commonwealth of Pennsylvania, the DOC is entitled to assert the immunities afforded by the Eleventh Amendment). Moreover, "[b]ecause the Pennsylvania DOC is a part of the executive department of the Commonwealth of Pennsylvania, its employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they were sued in their official capacities." *Johnson v. Wenerowicz*, 440 Fed. Appx. 60, 62 (3d Cir. 2011).

It is well-settled that "Pennsylvania has not waived its immunity from suit in federal court." *Toth v. California Univ. of Pennsylvania*, 844 F.Supp.2d 611, 648 (W.D. Pa. 2012) (citing 42 Pa.C.S.A. § 8521(b)). Nor did Congress intend by the general language of Section 1983 to override the traditional sovereign immunity afforded to the states. *Quern v. Jordan*, 440 U.S. 332, 342-45 (1979); *see also Toth*, 844 F.Supp.2d at 648. Consequently, the Defendants – each of whom is an official, officer, or employee of the Commonwealth of Pennsylvania – are

entitled to immunity from any monetary claims against them in their official capacities. Defendants' motion to dismiss on this basis will be granted.

B. Cruel and unusual punishment

Defendants interpret D'Alfonso's Eighth Amendment allegations as presenting separate claims for relief based on the excessive use of force, failure to intervene, and cruel and unusual punishment. *See* ECF No. 23 at 2. Defendants construe the latter of these claims as a challenge to D'Alfonso's conditions of confinement and seek dismissal for failure to state a claim.[3]

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter and medical care, and "take reasonable measure to guarantee the safety of the inmates." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Tillman v. Lebanon Cty. Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, . . . only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The Court of Appeals for the Third Circuit has repeatedly held that the targeted use of OC spray on a non-compliant inmate does not, in and of itself, represent cruel and unusual punishment. *See, e.g., Gibson v. Flemming*, 837 Fed. Appx. 860, 862 (3d Cir. 2020); *Jones v. Wetzel*, 737 Fed. Appx. 61 (3d Cir. 2018). Nor has D'Alfonso alleged any other extreme deprivation of life's basic necessities. Consequently, to the extent that D'Alfonso is asserting a

---

[3] It is somewhat unclear to the Court whether D'Alfonso intended to assert a standalone cruel and unusual punishment claim based on conditions of confinement or whether his reference to cruel and unusual punishment was simply intended to encompass his excessive force and failure to protect claims. Out of an abundance of caution, and mindful of his pro se status, the Court will interpret his pleading as asserting all three claims.

conditions of confinement claim, that claim must be dismissed.[4]

C. Assault and battery

Finally, Defendants seek dismissal of D'Alfonso's assault and battery claims based on the doctrine of sovereign immunity. It is well-established that employees of the Commonwealth of Pennsylvania are entitled to sovereign immunity from common law tort claims so long as they are acting within the scope of their duties. *See* PA CONST. Art. 1, § 11; 1 Pa. C.S.A. § 2310. As codified by the Pennsylvania General Assembly:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42 (relating to judiciary and judicial procedure) or 62 (relating to procurement) unless otherwise specifically authorized by statute.

1 Pa. Cons. Stat. Ann. § 2310.[5] This grant of immunity "applies to Commonwealth employees in both their official and individual capacities." *Larsen v. State Employees' Ret. Sys.*, 553 F.Supp.2d 403, 420 (M.D. Pa. 2008). *See also Nguien v. Pennsylvania Dep't of Corr.*, 2021 WL 3563373, at *7 (W.D. Pa. Aug. 12, 2021) ("In other words, if the Commonwealth is entitled to sovereign immunity . . . then its officials and employees acting within the scope of their duties

---

[4] Of course, to the extent that Plaintiff alleges that the specific use of OC spray during the January 23 incident was unjustified or excessive, those allegations form the basis for his excessive force and failure to protect claims, neither of which is challenged by Defendants in the instant motion.

[5] There are ten specifically delineated exceptions to sovereign immunity, 42 Pa. C.S.A. § 8522, none of which apply to this case. Those exceptions are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines; and (10) sexual abuse. 42 Pa. C.S.A. § 8522.

are likewise immune.") (quoting *Moore v. Commonwealth*, 538 A.2d 111, 115 (Pa. Commw. Ct. 1988)).

Nothing in the Complaint suggests that Defendants were not acting within the scope of their employment at all pertinent times. *See Mitchell v. Luckenbill*, 680 F.Supp.2d 672, 682 (M.D. Pa. 2010) (identifying the requirements for an action to fall within the scope of employment under Pennsylvania law). Consequently, Defendants are entitled to the protections afforded by sovereign immunity. *McGrath v. Johnson*, 67 F.Supp.2d 499, 511 (E.D. Pa. 1999) ("The Department of Corrections is an agency of the Commonwealth and the defendants, as employees of an agency of the Commonwealth, are entitled to the protection afforded by sovereign immunity.") (citing *Maute v. Frank*, 657 A.2d 985, 986 (Pa. Super. Ct. 1995) (state prison officials enjoy sovereign immunity). D'Alfonso's state law tort claims must be dismissed.

V.      Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, amendment would be futile because D'Alfonso's official capacity and state tort claims are barred by immunity and his conditions of confinement claim is not amenable to cure under the circumstances alleged.

VI.     Conclusion

For the foregoing reasons, Defendants' partial motion to dismiss [ECF No. 22] is granted. Plaintiff's official capacity claims, state law assault and battery claim, and Eighth Amendment

conditions of confinement claim are each dismissed. Plaintiff's excessive force and failure to protect claims may proceed to discovery. An appropriate order will follow.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: August 5, 2022